Jon M. Leader (SBN: 147059)
jleader@lglaw.la
Robert B. Broadbelt (SBN: 11714)
rbroadbelt@lglaw.la
**LEADER GORHAM LLP**
1990 South Bundy Drive, Suite 390
Los Angeles, CA  90025
Telephone:   (310) 696-3300
Telecopy:     (310) 696-3305

Attorneys for Defendant
Enhanced Recovery Company, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVERNE BALL,<br><br>             Plaintiff,<br><br>       vs.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>             Defendant. | Case No.:  CV-10-9397-JEM<br><br>**DEFENDANT ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant ENHANCED RECOVERY COMPANY, LLC ("Defendant") in the above-styled cause, files its Answer and Affirmative Defenses to ALVERNE BALL's Civil Complaint for violations of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act, and would respectfully show the Court the following:

## I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692m *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

**ANSWER**:

Plaintiff does not dispute the effect of the FDCPA or the RFDCPA or that Plaintiff has brought this action seeking damages alleging violations of both the FDCPA and the RFDCPA.  Except as specifically admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the allegations.

## II.   JURISDICTION

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

**ANSWER**:

Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint for jurisdictional purposes only.

## III. PARTIES

3.   Plaintiff, Alverne Ball ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

**ANSWER**:

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, denies the allegations.

4.   At all relevant times herein, Defendant, Enhanced Recovery Company, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualified as a

"debt," as defined by 15 U.S.C. § 1692a(5), and a "consumer debt," as defined by Cal. Civ. Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code § 1788.2(c).

**ANSWER**:

Plaintiff does not dispute that Defendant attempted to collect a debt from Plaintiff or that Defendant regularly attempts to collect debts. Except as specifically admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the allegations.

### IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

**ANSWER**:

Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant constantly and continuously places collection calls to Plaintiff at an inconvenient time seeking and demanding payment for an alleged debt, including but not limited to calls at 6:00 a.m.

**ANSWER**:

Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

      b. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e)));

      c. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692fz95)));

      d. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, calls at 6:00 a.m. (§ 1692c(a)(1)).

**ANSWER**:

    Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

    8.   As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**ANSWER**:

    Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

### COUNT I:  VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

    9.   Plaintiff incorporates by reference all of the preceding paragraphs.

**ANSWER**:

    Defendant incorporates by reference all of the preceding answers.

### PRAYER FOR RELIEF

    WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

     A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

     B.    Actual damages;

     C.    Statutory damages;

     D.    Costs and reasonable attorney's fees; and

     E.    For such other and further relief as may be just and proper.

**ANSWER**:

Defendant denies that Plaintiff is entitled to the relief prayed for in the Complaint, in whole or in part, or any other relief against Defendant. Defendant requests that the Complaint be dismissed with prejudice in its entirety and that Defendant be awarded its costs and fees.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff incorporates by reference all of the preceding paragraphs.

**ANSWER**:

Plaintiff incorporates by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the FRDCPA, those actions were done knowingly and willfully.

**ANSWER**:

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

     A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

     B.    Actual damages;

     C.    Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees; and

E. For such other and further relief as may be just and proper.

**ANSWER**:

Defendant denies that Plaintiff is entitled to the relief prayed for in the Complaint, in whole or in part, or any other relief against Defendant. Defendant requests that the Complaint be dismissed with prejudice in its entirety and that Defendant be awarded its costs and fees.

## AFFIRMATIVE DEFENSES

Pleading further in accordance with Rule 8 of the Federal Rules of Civil Procedure, Defendant states the following as affirmative defenses.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Through its policies and procedures, Defendant, at all times material to this lawsuit, exercised reasonable care to prevent and correct promptly any alleged unlawful behavior.

## THIRD DEFENSE

Plaintiff's claim is barred to the extent Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

## FOURTH DEFENSE

Plaintiff's claim for damages should be denied to the extent that she has failed to mitigate her damages.

## FIFTH DEFENSE

Defendant had reasonable grounds for believing that its actions with respect to Plaintiff were not in violation of the law.

///

///

## SIXTH DEFENSE

Plaintiff's claim for damages should be denied to the extent that the alleged actions fall outside of the applicable statute of limitations.

## SEVENTH DEFENSE

Defendant reserves the right to add any additional defenses which may become available as Plaintiff's legal theories or additional facts are revealed by discovery.

DATED: January 28, 2011           LEADER GORHAM LLP


　　　　　　　　　　　　　　　　  _/s/ Jon M. Leader_____
Jon M. Leader (SBN: 147059)
jleader@lglaw.la
1990 Bundy Dr., Suite 390
Los Angeles, CA 90025
Telephone:  (310) 696-3300
Facsimile:  (310) 696-3305

Attorneys for Attorneys for Defendant Enhanced Recovery Company, LLC

**DEFENDANT ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**